IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SELWIN JAMESON,  :
:
      Petitioner  : CIVIL NO. 4:CV-04-2265
:
v.  : (Judge Jones)
:
BUREAU OF IMMIGRATION  :
AND CUSTOMS ENFORCEMENT,  :
:
      Respondent  :

## ORDER

September 2, 2005

Upon consideration of the Petition for Writ of Habeas Corpus ("the Petition") (doc. 1), seeking Petitioner's release from the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), and the fact that Petitioner was deported by the ICE after filing the Petition (doc. 12), it appears that the Petition should be dismissed as moot.

A review of the Petition, however, reveals that Petitioner is also challenging his final order of deportation. The Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 311 (2005), may require transfer of this matter, to an appropriate United States Court of Appeals. In pertinent part, the Act provides as follows:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

119 Stat. at 311. Thus, a transfer to the appropriate United States Court of Appeals appears to be warranted in this matter.

The United States Court of Appeals for the Third Circuit recently issued "guidance" to the District Courts, suggesting that the parties be afforded an opportunity to be heard on the issue of transfer before the District Court takes action.[1] Thus, this Court finds it necessary to afford the parties an opportunity to be heard on the issue of transfer.

---

[1] The guidance further indicated that any stay of removal or deportation should remain in effect when the case is transferred. The Government may move in the Court of Appeals to vacate the stay if appropriate.

2

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The portion of the Petition for Writ of Habeas Corpus seeking release is DISMISSED as moot.

2. Within fifteen (15) days from the date of this Order, Respondent shall indicate in writing whether the remaining portion of the above-captioned matter, challenging Petitioner's final order of deportation, should be transferred to a United States Court of Appeals. If it is appropriate to transfer the above-captioned matter, Respondent shall identify the Court of Appeals to which the case should be transferred. Respondent shall also state (i) where the Immigration Judge concluded the proceedings and (ii) the Petitioner's Alien Number.

John E. Jones III
United States District Judge