IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SELWIN JAMESON, :
:
    Petitioner : CIVIL NO. 4:CV-04-2265
:
v. : (Judge Jones)
:
BUREAU OF IMMIGRATION :
AND CUSTOMS ENFORCEMENT, :
:
    Respondent :

# **O R D E R**

October 3, 2005

Previously by Order dated September 2, 2005, this Court dismissed Petitioner's challenge to his continued detention, and directed the Respondent to indicate in writing within fifteen days whether the remainder of the Petition for Writ of Habeas Corpus ("the Petition") should be transferred to a United States Court of Appeals. (Rec. Doc. 13).

On September 19, 2005, Respondent filed a response to the Court's September 2, 2005 Order, indicating that the remainder of the Petition should be transferred to the United States Court of Appeals for the Third Circuit. (Rec. Doc. 14). For the reasons set forth below, the Respondent's request to transfer the Petition will

be granted and the Petition will be transferred to the Third Circuit Court of Appeals.

Respondent contends that "Section 106 of the REAL ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals. H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231." (Rec. Doc. 14, at 2). The amendment became effective on May 11, 2005. Section 106(c) provides that "[i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply." As Jameson's Petition is challenging his final administrative order of removal, issued by an

Immigration Judge in York, Pennsylvania, Section 106(c) mandates transfer of the matter to the Third Circuit Court of Appeals, the circuit where the Immigration Judge presided over the immigration proceedings and issued Petitioner's removal.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Respondent's Request to Transfer the instant Petition for Writ of Habeas Corpus (Doc. 14). is GRANTED.

2. The Clerk of Court is directed to TRANSFER the instant action to the United States Court of Appeals for the Third Circuit.

3. The Clerk of Court is directed to CLOSE this case.

s/ John E. Jones III
John E. Jones III
United States District Judge